IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAULA BROWN,<br><br>                Plaintiff,<br><br>vs.<br><br>GREGORY M. CONSTANTINO,<br><br>                Defendant. | **ORDER**<br><br><br>Case No.  2:09cv00357 DAK |

This matter is before the court on Defendant's Motion to Consolidate.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

Defendant asks the court to consolidate this lawsuit with *Eduardo Castro v. Gregory M. Constantino Law Office, P.C., Does 1-20*, Case No. 2:09cv358TS pursuant to Rule 42 of the Federal Rules of Civil Procedure.  As grounds for this motion, Defendant states that the issue of law in the two lawsuits are the same because Plaintiffs both allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Utah Consumer Sales Practices Act ("UCSPA").

The two divergent lawsuits, however, involve facts requiring independent legal analysis and consideration for damages.  Brown alleges violations of law arising from Defendant's attempt to collect a debt that is barred by the statute of limitations.  Whereas, Castro alleges violations of law arising from Defendant's attempt to collect a nonexistent debt.  These separate

and distinct violations of the FDCPA and the UCSPA create different legal and factual questions. Accordingly, consolidation would be inappropriate.

In the alternative, Plaintiff asks the court to consolidate discovery of the two lawsuits. Pursuant to Rule 42(a)(3) of the Federal Rules of Civil Procedure, the court may issue orders to avoid unnecessary costs. Although both Plaintiffs are represented by the same attorney, the court finds no basis for Defendant's assertion that consolidation will minimize the costs to all parties involved. To the extent that there may be some overlap in discovery, the attorneys may reach agreement on those matters. For the foregoing reasons, Defendant's Motion to Consolidate is DENIED.

DATED this 6th day of July, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge